# SEMLER & ASSOCIATES, P.C.
## ATTORNEYS AND COUNSELORS AT LAW
----- Celebrating 25 Years of Service -----

R. Parker Semler  
Andrew Oh-Willeke  
Jonathan S. Drucker  
James L. French  

EXHIBIT 1

Also Admitted in CA  
Also Admitted in NY  
Also Admitted in NY, SC  

June 21, 2021

*Sent via Email:* paradise8362@yahoo.com

Suzanne Lee  
13841 Apache Way  
Greentop, MO 63546  

Re: Representation and Legal Fees

Dear Ms. Lee:

This confirms the understanding that we have reached regarding this firm representing you with respect to a partition action regarding a home you own in common with your ex-husband in Dolores, Colorado.

The charges for services provided by this firm will be on a contingency basis. If the firm had been retained on the hourly basis, the rates would be as follows: R. Parker Semler's hourly rate is $350.00. Andrew Oh-Willeke's hourly rate is $295.00. Jonathan Drucker's hourly rate is $275.00. Jim French's hourly rate is $240.00. Rates for other lawyers range from $150.00 to $300.00 per hour. Shriya Gandhi's hourly rate is $100.00. Yuida Nuasnigi's hourly rate is $70/hour. Hourly rates for other paralegals and law clerks range from $60.00 to $150.00. Rates for on-call secretarial services are $30.00 per hour. All payments are due ten (10) days after the date appearing on the bill. Any invoice that remains unpaid 30 days after that date, will, at our option, be subject to a charge for interest at the rate of 18% per year, until paid in full. Further, you agree to pay all costs of collection including reasonable attorney fees, regarding any invoices or related charges that are unpaid. Communications between lawyer and client are very important. Please feel free to contact me or, if I am unavailable, please speak with Ms. Gandhi.

You will be responsible for all costs associated with our representation, which include but are not limited to, filing fees, recording fees, research fees, copies at 10¢ per page and postage.

If this letter fairly represents our agreement, and you agree to its terms, please sign below and return the original to us in the enclosed envelope, retaining the enclosed copy for your records. We need this evidence of your agreement as authorization to commence work. If you have any questions regarding this agreement or our fee policies in general, please contact me as soon as possible.

In the event we do work for you in other areas which are not specifically outlined above,

Re: Representation and Legal Fees
June 21, 2021
Page 2

you and I both agree that the terms and conditions of this letter shall govern our relationship hereafter, except as otherwise expressly agreed in writing.

Thank you for the confidence you have shown in the firm and me by bringing your legal matter to us. We will endeavor to serve you to the best of our abilities.

Yours truly,

SEMLER & ASSOCIATES, P.C.

By: *[signature]*
R. Parker Semler

RPS/sxg


I have read and understand the foregoing fee letter. I agree that I am responsible for payment of all attorney's fees and that I am bound by the remaining terms and conditions of this fee letter.

By: *[signature]*     Dated: 6/24/2021
Suzanne Lee

## CONTINGENT FEE AGREEMENT

Dated June 21, 2021.

Suzanne Lee (the "Client"), who resides at 13841 Apache Way, Greentop, MO 63546 retains the law firm Semler & Associates, P.C. (the "Attorney") to perform the legal services mentioned in paragraph (1) below. The Attorney agrees to perform them faithfully and with due diligence R. Parker Semler ("Lead Counsel") will be the primary Attorney in this matter.

1. The claim, controversy, and other matters with reference to which the services are to be performed is the partition action regarding a home you own with your ex-husband in Dolores, Colorado. The Attorney's acceptance of this engagement does not involve an undertaking to represent the Client or its interests in any other matter.

2. The contingency upon which compensation is to be paid is the successful completion, settlement, compromise, or judgment of any and all legal rights or actions arising out of the above-referenced claim.

3. As compensation for the services of the Attorney in the event of settlement or judgement, the Client will pay the Attorney fifty percent (50%) of the net amount through the end of the trial process, but before appeal. In the event Client desires to appeal any decision or verdict, or the Client desires to defend an appeal filed by the defendant after a decision or verdict in his favor, and Attorney consents, Client will pay 50% of said gross amounts to Semler & Associates, PC as compensation. "Gross amounts collected" means the amount collected before any subtraction of expenses and disbursements. "The Amount Collected" includes specially awarded Attorneys' fees and costs awarded to Client.

4. The Client is not to be liable to pay compensation otherwise than from amounts collected for the Client by the Attorney, except as follows:

In the event the Client terminates this contingent fee agreement without wrongful conduct by the Attorney which would cause the Attorney to forfeit any fee, or if the Attorney justifiably withdraws from the representation of the Client, the Attorney may ask the court or other tribunal to order the Client to pay the Attorney a fee based upon the reasonable value of the services provided by the Attorney. If the Attorney and the Client cannot agree how the Attorney is to be compensated in this circumstance, the Attorney will request the court or other tribunal to determine: (1) if the Client has been unfairly or unjustly enriched if the Client does not pay a fee to the Attorney; and (2) the amount of the fee owed, taking into account the nature and complexity of the Client's case, the time and skill devoted to the Client's case by the Attorney,

Suzanne Lee
June 21, 2021
Page 2

and the benefit obtained by the Client as a result of the Attorney's efforts. Any such fee shall be payable only out of the gross recovery obtained by or on behalf of the Client and the amount of such fee shall not be greater than the fee that would have been earned by the Attorney if the contingency described in this contingent fee agreement plus any attorney fees and interests to which the attorney is entitled to collect based upon the need to protect their interest had occurred. The Client understands and agrees that the Client is obligated to pay expenses even if there is no recovery.

5.  A court or other tribunal may award costs or attorney fees to an opposing party and against the Client.

6.  Costs and Attorneys' fees awarded to an opposing party against the Client before completion of the case will be paid by the Client when ordered. Any award of costs or Attorneys' fees, regardless of when awarded, will not be subtracted from the amount collected before computing the amount of the contingent fee under this agreement.

7.  The Client is to be liable to the Attorney for reasonable expenses and disbursements. Such expenses and disbursements are estimated to be between $10,000 - $15,000, the latter amount will be more likely in the event that the matter proceeds to trial. The other event which could cause reasonable expenses to exceed $15,000.00 is whether the case will require the services of multiple experts regarding the key issues in the case. Authority is given to the Attorney to incur expenses and make disbursements up to a maximum of $5,000.00 which limitation will not be exceeded without the Client's further written authority. The Client will reimburse the Attorney for such expenditures upon receipt of a billing or once the case resolves based upon the Attorney's unilateral decision. The Client understands and agrees that the Client is obligated to pay expenses even if there is no recovery.

8.  Client hereby authorizes any Attorney in the employ of or under contract by the Attorney to perform the legal services required hereunder. Said additional legal assistance will be at the expense of Attorney and will be paid from that portion of recovery due to the Attorney. If the Attorney wishes to hire a lawyer in another firm to assist in the handling of a matter (called an "associated counsel"), the Attorney will promptly inform the Client in writing of the identity of the associated counsel and that the hiring of associated counsel will not increase the contingent fee, unless the Client otherwise agrees in writing. The Client has a right to disapprove the hiring of associated counsel and to terminate the employment of associated counsel for any reason.

Suzanne Lee
June 21, 2021
Page 3

9. Other persons or entities may have a right to be paid from amounts recovered on the Client's behalf. The Client authorizes the Attorney to pay from the amount collected the following: (e.g., all physicians, hospitals, subrogation claims and liens, etc.). The Attorney may be legally required to pay the claims of third parties out of any monies collected for the Client, and not to disburse them to the Client. However, if the Client disputes the amount or validity of the third-party claim, the Attorney may deposit the funds into the registry of an appropriate court for determination. Any amounts paid to third parties will not be subtracted from the amount collected before computing the amount of the contingent fee under this agreement.

10. CLIENT AGREES THAT ATTORNEY HAS MADE NO PROMISES OR GUARANTIES REGARDING THE OUTCOME OF CLIENT'S CLAIM.

11. Neither Attorney nor Client will settle these claims without the other's approval. Should Client settle this matter without Attorney's consent, Client hereby assigns to Attorney the same percentage of the gross proceeds recovered by Client, which is defined in paragraph three (3) of the Contingent Fee Agreement.

12. Client understands Attorney will investigate Client's claims and if, after investigation, the claims do not appear to have merit, then Attorney shall have the right to proceed no further with this matter.

WE HAVE EACH READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Dated: 6/24/2021

_____
Suzanne Lee

_____
R. Parker Semler

# DISCLOSURE STATEMENT

### Type of Attorney Fee Agreements.

I have been informed and understand that there are several types of attorney fee arrangements: (1) time based, (2) fixed, (3) contingent, or (4) combinations of these types of fee arrangements. "Time based" means a fee that is determined by the amount of time involved such as so much per hour, day or week. "Fixed" means a fee that is based on an agreed amount regardless of the time or effort involved or the result obtained. "Contingent" means a certain agreed percentage of recovery or amount that is payable only upon only upon attaining a recovery regardless of the time or effort involved. I understand that not all attorneys offer all of these different types of fee arrangements, and I acknowledge that I have the right to contact other attorneys to determine if they may provide such other fee arrangements for my case or matter. After such consideration or consultation, I have elected the fee arrangement set forth in the accompanying contingent fee agreement.

### Specially Awarded Attorney Fees.

I have been informed and understand that the court or an arbitrator may sometimes award attorney fees in addition to the amount of recovery being claimed. I understand that the fee arrangement I enter into with my attorney should contain a provision as to how any specially awarded attorney fees will be accounted for and handled.

### Expenses.

I have been informed and understand that there may be expenses (aside from any attorney fee) in pursuing my claim. Examples of such expenses are: photocopying, postage, facsimile, specified office costs, fees payable to the court, the cost of serving process, fees charged by expert witnesses, fees of investigators, fees of court reporters to take and prepare transcripts of depositions, and expenses involved in preparing exhibits. I understand that an attorney is required to provide me with an estimate of such expenses before I enter into an attorney fee agreement and that my attorney fee agreement should include a provision as to how and when such expenses will be paid. I understand that the fee agreement should tell me whether a fee payable from the proceeds of the amount collected on my behalf will be based on the "net" or "gross" recovery. "Net recovery" means the amount remaining after expenses and deductions. "Gross recovery" means the total amount of the recovery before any deductions. The estimated amount of expenses to handle my case may be set forth in the contingent fee agreement.

### The Potential of Costs and Attorney's Fees Being Awarded to the Opposing Party.

I have been informed and understand that a court or arbitrator sometimes awards cost and attorney fees to the opposing party. I have been informed and understand that should that happen in my case, I will be responsible to pay such award. I understand that the fee agreement I enter into with my attorney should provide whether an award against me will be paid out of the proceeds of any amount collected on my behalf. I also understand that the agreement should provide whether the

fee I am obligated to pay my attorney will be based on the amount of recovery before or after payment of the awarded costs and attorney fees to an opposing party.

**Associated Counsel.**

I have been informed and understand that my attorney may sometimes hire another attorney to assist in the handling of a case. That other attorney is called an "associated counsel." I understand that the attorney fee agreement should tell me how the fees of associated counsel will be handled.

**Subrogation.**

I have been informed and understand that other persons or entities may have a subrogation right in what I recover in pursuing my claim. "Subrogation" means the right to be paid back. I understand that the subrogation right may arise in various ways such as when an insurer or a federal or state agency pays money to or on behalf of a claiming party like me in situations such as Medicare, Medicaid, worker's compensation, medical/health insurance, no-fault insurance, uninsured/underinsured motorist insurance, and property insurance situations. I understand that sometimes a hospital, physician or an attorney will assert a "lien" (a priority right) on a claim such as the one I am pursuing. Subrogation rights and liens need to be considered and provided for in the fee agreement I reach with my attorney. The fee agreement should tell me whether the subrogation right or lien is being paid by my attorney out of the proceeds of the recovery made on my behalf and whether the fee I am obligated to pay my attorney will be based on the amount of recovery before or after payment of the subrogation right or lien.

**Alternative Attorney Compensation.**

I have been informed and understand that if, after entering into a fee agreement with my attorney, I terminate the employment of my attorney or my attorney justifiably withdraws, I may nevertheless be obligated to pay my attorney for the work done by my attorney on my behalf. The fee agreement should contain a provision stating how such alternative compensation, if any, will be handled.

I acknowledge that I received a complete copy of the Disclosure Statement and read it this 9th of June, 2021.

_____
Ms. Suzanne Lee